UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHARLES W., JR.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. 3:25-cv-05091-GJL

SOCIAL SECURITY DISABILITY APPEAL ORDER

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 7 and Local Magistrate Judge Rule 13. *See also* Consent to Proceed before a United States Magistrate Judge, Dkt. 2. This matter has been fully briefed. *See* Dkts. 8, 11.

After considering the administrative record (AR) and all memoranda, the Court concludes the Administrative Law Judge (ALJ) erred in finding Plaintiff not disabled. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further proceedings.

//

//

SOCIAL SECURITY DISABILITY APPEAL ORDER - 1

## I.  PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income (SSI) benefits was denied initially and following reconsideration. AR 75–121.[1] Plaintiff's requested hearing was held before the ALJ on January 25, 2024. AR 35–73. On February 28, 2024, the ALJ issued a written decision concluding Plaintiff was not disabled. AR 17–29. On December 2, 2024, the Appeals Council declined Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision subject to judicial review. AR 1–6. On February 5, 2025, Plaintiff filed a Complaint in this Court seeking judicial review of the ALJ's decision. Dkt. 4. Defendant filed the sealed AR in this matter on April 7, 2025. Dkt. 7.

## II.  BACKGROUND

Plaintiff was born in 1978 and was 35 years old on January 29, 2021, his SSI application date. AR 17. According to the ALJ, since that date, Plaintiff suffers from, at a minimum, the severe impairments of anxiety and major depressive disorder. *Id*. The ALJ found Plaintiff had the following Residual Functional Capacity (RFC):

> to perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can tolerate occasional exposure to hazards (such as unprotected heights and exposed moving mechanical parts); the claimant has sufficient concentration, persistence or pace to complete simple and some complex tasks in two-hour increments with normal breaks for a normal workday and workweek; the claimant can tolerate occasional, superficial contact with coworkers and the general public.

---

[1] Plaintiff also applied for Disability Insurance Benefits (DIB), with an alleged date of disability onset of January 1, 2014. *See* AR 17, 19. The ALJ found, at step two, that Plaintiff had no medically determinable impairment through the date that Plaintiff was last insured, September 30, 2019. AR 19–20. Thus, the ALJ rejected the DIB claim, leaving only the question of whether Plaintiff was disabled after the date of his application for the purpose of determining Plaintiff's SSI eligibility. AR 20. Plaintiff has raised no argument challenging the ALJ's finding that she was not disabled prior to her date last insured (*see* Dkt. 8), so the Court reviews only the ALJ's assessment of his SSI claim.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 2

AR 23. Based on this RFC, the ALJ found Plaintiff could perform his past relevant work as a stores laborer and could perform other work existing in significant numbers in the national economy. AR 27–28.

### III.   DISCUSSION

When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court may set aside the denial of social security benefits if the ALJ's findings are based on legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). The Court "review[s] only the reasons provided by the ALJ in the disability determination and may not affirm the ALJ on a ground upon which he did not rely." *Garrison v. Colvin*, 759 F.3d 995, 1010 (9th Cir. 2014).

In his Opening Brief, Plaintiff argues the ALJ erred in (1) rejecting the medical opinion of Dr. Kathleen Mayers and (2) failing to resolve an alleged conflict between the Dictionary of Occupational Titles (DOT) and the Vocational Expert (VE)'s testimony. Dkt. 4.

**A.   Medical Opinion of Dr. Kathleen Mayers**

For applications (like this one) filed on or after March 27, 2017, ALJs need not defer to medical opinions from treating or examining sources. *See* 20 C.F.R. § 416.927(c). Instead, they must evaluate the persuasiveness of all medical opinions by analyzing their "supportability" and "consistency," as well as other appropriate factors. 20 C.F.R. § 416.920c(a). Supportability means the extent to which a medical source supports their medical opinion by explaining the relevant objective medical evidence. *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (citing 20 C.F.R. § 404.1520c(c)(1)). Consistency means the extent to which the medical opinion is consistent with the evidence from the other medical and nonmedical sources in the claim. *Id.*

Conclusions alone are insufficient; "an ALJ can satisfy the "substantial evidence" requirement by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Garrison*, 759 F.3d at 1012 (quoting *Reddick v. Chater*, 157 F.3d 715, 752 (9th Cir. 1998)). ALJs are required to consider the totality of the record in evaluating the consistency of a medical opinion. *James T. v. Kijakazi*, 2023 WL 6207759, at *5 (E.D. Wash. Sept. 1, 2023) ("The ALJ must consider all the relevant evidence in the record, however, and may not point to only those portions of the records that bolster [his] findings").

In November 2022, psychological examiner Dr. Kathleen Mayers completed a mental status evaluation of Plaintiff. AR 673–77. Dr. Mayers observed that Plaintiff was anxious, very uncomfortable, and repeatedly wanted to discontinue the evaluation. AR 674–75, 677. While Plaintiff was able to complete the evaluation, Dr. Mayers noted that Plaintiff required repeated encouragement from both herself and Plaintiff's partner to do so. *Id*. Dr. Mayers opined that Plaintiff was likely to respond with distress and anxiety to changes in a competitive work setting and that his panic attacks were likely to be incapacitating. AR 677. She also opined that Plaintiff's task persistence was very limited, that he was very likely to walk away if his paranoid and anxious thinking was triggered, and that his ability to interact with others was minimal. *Id*.

The ALJ concluded Dr. Mayers' opinion was unpersuasive, asserting it was "not supported by her own mental status examination" and inconsistent with results from other mental status examinations in the record. *See* AR 25.[2]

---

[2] Defendant does not defend the other reasons proffered by the ALJ with respect to Dr. Mayers' opinion (*see* Dkt. 11 at 2–4) so the Court does not consider them herein.

SOCIAL SECURITY DISABILITY APPEAL ORDER - 4

With respect to the ALJ's supportability finding, the ALJ failed to adequately consider Dr. Mayers' supporting explanation. Dr. Mayers' opinion included observations of Plaintiff's "slow to average pace" and "very limited task persistence." AR 676. The ALJ made no reference to Dr. Mayers' observations of Plaintiff's pace or persistence, which would appear to support her opined limitations in persistence, pace, and adjusting to changes. AR 676. Absent further explanation, the ALJ erred in finding Dr. Mayers' opinion unsupported in light of this evidence. *See Alexander M. v. Commissioner of Social Security*, 2021 WL 3758145, at *3 (W.D. Wash. Aug. 25, 2021) (ALJ errs by failing to explain "why he considered the normal results more significant" than abnormal results supporting opinion).

The ALJ also found Dr. Mayers' opinion was inconsistent with other evidence of record. AR 25. The ALJ reasoned that Dr. Mayers' opinion was inconsistent with other mental status examinations showing Plaintiff's average memory and concentration and with other mental status examinations showing Plaintiff's pleasant and cooperative appearance. *Id*. (citing AR 409, 438, 495, 646, 708, 816, 832).

However, mental status examinations showing Plaintiff's average memory and concentration do not support the ALJ's consistency finding because Dr. Mayers' opined limitations were not based on memory and concentration. AR 677. Indeed, Dr. Mayers also found that Plaintiff had average memory and concentration, making it improbable that the deficiencies therein informed her opined limitations. *Id*.

Nor do mental status examinations showing Plaintiff's pleasant and cooperative appearance support the ALJ's consistency finding. Observations of Plaintiff's pleasant and cooperative appearance are not relevant to whether Plaintiff would be able to persist in work-related tasks nor at what pace he would be able to complete such tasks, if at all. The ALJ's

citations to mental status evaluations, without any explanation of how they contradict Dr. Mayers' opined limitations, were not an adequate basis on which to reject Dr. Mayers' opinion.

In sum, the ALJ erred in rejecting the medical opinion by Dr. Mayers. The ALJ's error was not harmless and requires reversal, as Dr. Mayers' opinion suggests Plaintiff was further limited than the ALJ found in the RFC. *See Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1056 (9th Cir. 2006) (error that could result in more restrictive RFC precluding gainful employment found not harmless).

**B.     Remaining Issue and Remedy**

Plaintiff further argues the ALJ erred in failing to resolve an alleged conflict between the DOT and VE's testimony. Dkt. 4 at 12–14. However, having found the ALJ erred in assessing the medical opinion evidence and that this error requires reversal, the Court declines to reach Plaintiff's second argument. Rather, on remand, the ALJ should reassess the evidence of record, including Dr. Mayers' medical opinion evidence, and, if appropriate, should reassess the RFC and findings at step four and five of the sequential evaluation process.

Plaintiff contends the case should be remanded for an award of benefits. Dkt 4. Such a remedy is only appropriate where it is clear from the record that the ALJ would be required to find the claimant disabled if the improperly discredited evidence were accepted as true. *See McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002). That is not the case here, as there are conflicting medical opinions in the record that must be resolved concerning Plaintiff's mental limitations. Rather, remand for further administrative proceedings is appropriate. As such, the Court declines to remand for an award of benefits.

//

//

## IV. CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner for further consideration consistent with this Order.

Dated this 21st day of August, 2025.

Grady J. Leupold
United States Magistrate Judge

SOCIAL SECURITY DISABILITY APPEAL ORDER - 7